**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY BANK OF AMERICA MERRILL LYNCH TRUST 2017-C33, | : : : : : |
| Plaintiff, | : CIVIL ACTION : |
| v. | : NO.  2:20-CV-05309-CMR : |
| SHREE SAI SIDDHI QUAKERTOWN, LLC | : : |
| Defendant. | : : |
| | : |

## ANSWER AND COUNTERCLAIM

Defendant, Shree Sai Siddhi Quakertown, LLC ("Defendant"), by and through its undersigned attorneys, Klehr Harrison Harvey Branzburg LLP, hereby files this answer (the "Answer") to the complaint (the "Complaint") filed by plaintiff Wilmington Trust, National Association, As Trustee For Morgan Stanley Bank of America Merrill Lynch Trust 2017-C33, (the "Plaintiff" and/or "Lender"), and counterclaim, and in support thereof states as follows:

1.     Denied.  After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, they are denied.

2.     Admitted.

3.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

4.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

5.      Admitted.

6.      Admitted in part, denied in part.  It is admitted that the Borrower executed the Promissory Note, and the Promissory Note is attached to the Complaint.  It is affirmatively stated that the Promissory Note is a writing and is the best evidence of its contents.  The remainder is denied.

7.      Admitted in part, denied in part.  It is admitted that the Borrower executed the Mortgage, and the Mortgage is attached to the Complaint.  It is affirmatively stated that the Mortgage is a writing and is the best evidence of its contents.  The remainder is denied.

8.      Denied.  After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, they are denied. By way of further response, the Replacement General Assignment is a written document that speaks for itself and is the best evidence of its contents.

9.      Denied.  After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, they are denied. It is affirmatively stated that the Replacement Allonge to the Note is a written document that speaks for itself and is the best evidence of its contents.

10.      Admitted in part, denied in part. It is admitted that an Assignment of Open-End Mortgage and Security Agreement is attached to the Complaint, and that the assignment was recorded. It is affirmatively stated that the Assignment of Open-End Mortgage and Security Agreement is the best evidence of its contents. The remainder is denied.

11.     Denied.   After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and, therefore, they are denied. It is affirmatively stated that the General Assignment is a writing and is the best evidence of its contents.

12.     Denied.   After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and, therefore, they are denied. It is affirmatively stated that the Allonge to the Note is a writing and is the best evidence of its contents.

13.     Admitted in part, denied in part. It is admitted that an Assignment of Open-End Mortgage and Security Agreement is attached to the Complaint, and that the assignment was recorded. It is affirmatively stated that the Assignment of Open-End Mortgage and Security Agreement is the best evidence of its contents. The remainder is denied.

14.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

15.     Admitted.

16.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

17.     Admitted in part, denied in part.  It is admitted that the Note contains certain terms. Plaintiff's characterization of those terms is denied. It is affirmatively stated that the Note is a writing and is the best evidence of its contents.  The remainder is denied.

18.     Admitted in part, denied in part.  It is admitted that the Mortgage contains certain terms. Plaintiff's characterization of those terms is denied. It is affirmatively stated that the Mortgage is a writing and is the best evidence of its contents.  The remainder is denied.

19.     Admitted in part, denied in part.  It is admitted that the Mortgage contains certain terms. Plaintiff's characterization of those terms is denied. It is affirmatively stated that the Mortgage is a writing and is the best evidence of its contents.  The remainder is denied.

20.     Admitted in part, denied in part.  It is admitted that the Note contains certain terms. Plaintiff's characterization of those terms is denied. It is affirmatively stated that the Note is a writing and is the best evidence of its contents.  The remainder is denied.

21.     Admitted in part, denied in part.  It is admitted that the Note contains certain terms.  It is affirmatively stated that the Note is a writing and is the best evidence of its contents.  The remainder is denied.

22.     Admitted in part, denied in part.  It is admitted that the Note contains certain terms.  It is affirmatively stated that the Note is a writing and is the best evidence of its contents.  The remainder is denied.

23.     Admitted in part, denied in part.  It is admitted that the Note contains certain terms.  It is affirmatively stated that the Note is a writing and is the best evidence of its contents.  The remainder is denied.

24.     Admitted in part, denied in part.  It is admitted that the Mortgage contains certain terms. It is affirmatively stated that the Mortgage is a writing and is the best evidence of its contents.  The remainder is denied.

25.     Admitted in part, denied in part.  It is admitted that the Mortgage contains certain terms. It is affirmatively stated that the Mortgage is a writing and is the best evidence of its contents.  The remainder is denied.

26.     Denied.

27.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

28.     Admitted in part, denied in part.  It is admitted that the Lender issued a Notice of Default and Intent of Foreclosure.  It is affirmatively stated that the notice is a writing and is the best evidence of its contents.  The remainder is denied.

29.     Admitted in part, denied in part.  It is admitted that the Lender issued a Notice of Default and Intent of Foreclosure.  It is affirmatively stated that the notice is a writing and is the best evidence of its contents.  The remainder is denied.

30.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

31.     Admitted in part, denied in part.  It is admitted that the Lender issued a Notice of Acceleration.  It is affirmatively stated that the notice is a writing and is the best evidence of its contents.  The remainder is denied.

32.     Admitted in part, denied in part.  It is admitted that the Lender issued a Notice of Acceleration.  It is affirmatively stated that the notice is a writing and is the best evidence of its contents.  The remainder is denied.

33.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

34.     Denied. No response is required to the allegations in this paragraph. To the extent a response is required, the allegations are denied.

35.      Denied.   After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and, therefore, they are denied.

36.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

## **COUNT ONE**

37.      Defendant incorporates by reference its responses to the foregoing allegations as if fully set forth herein.

38.      Admitted in part, denied in part.  It is admitted that the Defendant executed the Note. The remaining allegations are conclusions of law to which no response is required and, therefore, they are denied. To the extent the allegations are deemed factual, they are denied.

39.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

40.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

41.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied.  To the extent the allegations are deemed factual, they are denied.

WHEREFORE, Defendant respectfully request that judgment be entered in its favor and against Plaintiff together with Defendant's costs and fees and such further relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

42.    Defendant incorporates by reference each and every paragraph of the foregoing Answer to the Complaint as if set forth in full herein.

43.    Plaintiff has failed to state a claim upon which relief can be granted.

44.    Plaintiff's claims are barred because the Court lacks jurisdiction over the Defendant and venue is improper.

45.    Plaintiff's claims are barred, in whole or in part, for breach of the implied duty of good faith and fair dealing.

46.    Plaintiff's claims are barred, in whole or in part, by the doctrine of frustration of purpose and/or the doctrine of impossibility.

47.    In March 2020 the novel corona virus known as Covid-19 (hereinafter referred to as "Covid" or the "Pandemic") was discovered in and began rapidly spreading across the United States.

48.    In response to Covid's rapid spread, infection and resultant death rate, Governor Tom Wolf declared a disaster emergency throughout the Commonwealth of Pennsylvania on March 6, 2020.

49.    On March 19, 2020, Governor Wolf issued an order requiring all non-life-sustaining businesses throughout the Commonwealth of Pennsylvania to close their physical operations by 8:00 p.m. that day.

50.    On March 23, 2020, Governor Wolf issued an order directing individuals in Allegheny, Bucks, Chester, Delaware, Monroe, Montgomery, and Philadelphia Counties to stay home to prevent the spread of Covid (the "Stay at Home Order").

51.    On March 31, 2020, the Stay-at-Home Order was amended to extend to essentially all counties in the Commonwealth of Pennsylvania.

52.     As amended, the Stay-at-Home Order severely restricted travel throughout the Commonwealth, the lifeblood of the Hotel.

53.     The Stay-at-Home Order, as amended, was unforeseeable and entirely outside the Hotel's control, devastated the Hotel's business operations.

54.     The Stay-at-Home Order, as amended, made it impossible for the Hotel to fulfill its obligations under the Loan Documents.

55.     The Loan Documents fail to contemplate the possibility of the Stay-at-Home Order or similar restriction on travel.

56.     The occupancy decrease caused a corresponding and catastrophic drop in revenue.

57.     Plaintiff's claims are barred, in whole or in part, because their claimed damages, if any, were caused in whole or in part by their own conduct or by the conduct of persons or entities other than Defendants.

58.     Plaintiff's claims are barred, in whole or in part, because Defendant acted reasonably, in good faith, and in accordance with its contractual or legal rights.

59.     Plaintiff's claims are barred, in whole or in part, because Defendant has not breached any duty owed to Plaintiff.

60.     Plaintiff's claims are barred, in whole or in part, because Defendant has not caused any loss to which Plaintiff would be entitled.

61.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its damages.

62.     Plaintiff's claims are barred, in whole or in part, because of the doctrines of waiver, estoppel and/or unclean hands.

63.     Plaintiff's claims are barred as a result of Plaintiff's breach of contract.

64.     Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

65.     Plaintiff's claims are subject to Defendant's rights of set off and recoupment for damages and losses caused by the Plaintiff.

66.     Plaintiff's claims are barred and/or are reduced by way of the express provisions of the Agreements.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff together with any of Defendant's costs and fees and such further relief as this Court deems appropriate.

**COUNTERCLAIM**
**BREACH OF CONTRACT OR, IN THE ALTERMATIVE, BREACH OF THE DUTY OF**
**GOOD FAITH AND FAIR DEALING**

67.     Defendant incorporates by reference each and every paragraph of the foregoing Answer to the Complaint and Affirmative Defenses as if set forth in full herein.

68.     The Loan Documents that are the subject of this litigation are contracts.

69.     Under Pennsylvania law, all contracts are subject to the implied duty of good faith and fair dealing.

70.     Defendant obtained the Loan to operate the Hotel.

71.     Both sides understood that loan payments would be made from the proceeds of operating the Hotel.

72.     When Defendant requested a loan modification, it did so in good faith.

73.     Plaintiff, through its special servicer and agent, Midland Loan Services, a PNC Real Estate business (collectively, "Plaintiff") misled and deceived the Defendant by engaging in negotiations to restructure Defendant's loan, with no real intention on consummating those negotiations.

74.     Instead, Plaintiff has used the negotiations as an opportunity to collect hundreds of thousands of dollars from the Defendant and its affiliates based on the false promises.

75.    Defendant requested a forbearance agreement in July 2020.

76.    Defendant accepted Plaintiff's proposed terms in December 2020.

77.    In February 2021, Plaintiff collected $347,087.43 from the Defendant and its affiliates in exchange for a 30-day extension of the time to respond to Plaintiff's complaint and motion for rent receiver on the false premise that the 30-day period would be used for Plaintiff to obtain internal approval to restructure the Loan and document the agreement between the parties.

78.    Despite Defendant's acceptance of Plaintiff's terms, and despite Defendant's payments, Plaintiff has gone silent.

79.    Plaintiff has never notified Defendant that the proposed terms were unacceptable.

80.    Instead, Plaintiff simply ignored Defendant's repeated attempts to communicate and then, advised through Plaintiff's counsel that Plaintiff intended to move forward with the instant litigation.

81.    Plaintiff's actions are in breach of the Loan Documents.

82.    Plaintiff's actions are in breach of the agreement to restructure the Loan.

83.    Plaintiff's actions were a transparent scheme to collect Defendant's available funds prior to engaging in this litigation.

84.    Defendant and its affiliates have expended substantial funds in attorneys' fees and costs to support these negotiations and defend itself in litigation related to these "sham" negotiations.

85.    Plaintiff's failure to negotiate in good faith with the Defendant is in violation of the implied covenant of good faith and fair dealing.

86.    Plaintiff's breach of the implied covenant of good faith and fair dealing has damaged, and continues to damage, the Defendant.

PHIL1 9326643v.4

87.     Plaintiff's conduct has interfered with Defendant's right to receive the benefits of the Loan Documents and interfered with Defendant's ability to operate the Hotel as contemplated under the Loan Documents.

WHEREFORE, Defendant respectfully requests that judgement be entered in favor of Shree Sai Siddhi Quakertown, LLC and against plaintiff Wilmington Trust, National Association, As Trustee For Morgan Stanley Bank of America Merrill Lynch Trust 2017-C33 in an amount in excess of $75,000.00, plus interest, penalties, attorneys' fees and costs as may be allowable by law or contract, and such other and further relief as the Court in its discretion may deem equitable and just.

**KLEHR HARRISON
HARVEY BRANZBURG LLP**

Dated: March 23, 2021

*/s/ Robert P. Johns III*
Francis M. Correll Jr. (PA ID No. 51076)
Robert P. Johns III (PA ID No. 209289)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
(215) 569-2700
fcorrell@klehr.com
rjohns@klehr.com
*Attorneys for Defendant Shree Sai Siddhi
Quakertown, LLC*