## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY BANK OF AMERICA MERRILL LYNCH TRUST 2017-C33,** | : : : : : : : : : : : : : : : | **CIVIL ACTION** <br><br> **NO. 2:20-CV-05309-CMR** |
| Plaintiff, | | |
| v. | | |
| **SHREE SAI SIDDHI QUAKERTOWN, LLC,** | | |
| Defendant. | | |

### ANSWER TO COUNTERCLAIMS

Plaintiff, Wilmington Trust, National Association, as Trustee for Morgan Stanley Bank of America Merrill Lynch Trust 2017-C33 ("Lender"), acting by and through its special servicer, Midland Loan Services, a division of PNC Bank, National Association ("Midland"), files this answer to the counterclaims (the "Counterclaims") filed by defendant, Shree Sai Siddhi Quakertown, LLC ("Borrower"), and in support thereof avers as follows:

### COUNTERCLAIM
### BREACH OF CONTRACT OR, IN THE ALTERNATIVE, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

67. Denied. No response is required to the allegations in this paragraph. To the extent a response is required, the allegations are denied.

68. Admitted.

69. Denied. The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied. To the extent the allegations are deemed factual, they are denied.

70. Denied. After reasonable investigation, Lender lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained within this paragraph and, therefore, it is denied.

71. Denied as to Lender's understanding with respect to the source for the required loan payments. After reasonable investigation, Lender lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning Borrower's understanding and, therefore, they are denied.

72. Denied. After reasonable investigation, Lender lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained within this paragraph and, therefore, it is denied.

73. Denied.

74. Denied.

75. Admitted.

76. Denied both factually and as conclusions of law to which no response is required. It is specifically denied that Lender offered final terms with respect to restructuring Borrower's Loan in December 2020 or at any other time. On the contrary, Lender expressly advised Borrower in December 2020 that negotiations were ongoing.

77. Denied. By way of further answer, as of February 1, 2021, based upon the most recent financial reports that Borrowers had provided (which were through November 2020): (i) Shree Sai Siddhi Quakertown (the Borrower in Case No. 05309) was holding approximately $295,172.55 in excess cash collected between April 1 and November 30, 2020; and (ii) Shree Sai Siddhi Wyomissing (the Borrower in Case No. 05318) was holding approximately $629,118.91 in excess cash collected between April 1 and November 30, 2020. The parties agreed that the

Quakertown and Wyomissing Borrowers would each turn over the equivalent of two monthly payments in the respective amounts of $101,310.40 and $247,777.03—significantly less than the excess cash they had collected—in consideration for which the Lenders agreed to a further 30-day extension of the response deadline for the Quakertown, Wyomissing <u>and</u> King of Prussia Borrowers.

78. Denied.

79. Denied. The averments as to unspecified "proposed terms" are too vague and ambiguous to permit a response.

80. Denied.

81. Denied. The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied. To the extent the allegations are deemed factual, they are denied.

82. Denied. The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied. To the extent the allegations are deemed factual, they are denied. It is specifically denied that there is any "agreement to restructure the Loan."

83. Denied both factually and as conclusions of law to which no response is required.

84. Denied. After reasonable investigation, Lender lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning the funds Borrower and its affiliates have expended and, therefore, those allegations are denied. Lender specifically denies having engaged in any negotiations with Borrower that were a "sham."

85. Denied. The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied. To the extent the allegations are deemed factual, they are denied.

86. Denied. The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied. To the extent the allegations are deemed factual, they are denied. It is specifically denied that Borrower has incurred any damages for which Lender is responsible.

87. Denied. The allegations in this paragraph are conclusions of law to which no response is required and, therefore, they are denied. To the extent the allegations are deemed factual, they are denied.

## AFFIRMATIVE DEFENSES

88. Borrower has failed to state a claim upon which relief can be granted.

89. Borrower's claims are barred by the parties' written Pre-Negotiation Agreement (the "PNA"), pursuant to which Borrower and its guarantor expressly agreed that "neither party shall be permitted to assert claims, causes of action, suits and defenses which each may have against the other or Midland based on the conduct or process of" their negotiations and that the negotiations "may not be admitted into evidence or otherwise used in any adversarial proceeding." (PNA ¶ 1.)

90. Borrower's claim for breach of the implied covenant of good faith and fair dealing is barred because Lender has acted at all times in accordance with the terms of the Loan Documents.

91. Borrower's claims are barred, in whole or in part, because its claimed damages, if any, were caused by its own conduct or by the conduct of persons or entities other than Lender.

92. Borrower's claims are barred, in whole or in part, because Lender has acted reasonably, in good faith, and in accordance with its contractual and legal rights.

93. Borrower's claims are barred, in whole or in part, because Lender has not breached any duty owed to Borrower.

94. Borrower's claims are barred, in whole or in part, because Borrower has failed to mitigate its damages.

95. Borrower's claims are barred, in whole or in part, because of the doctrines of waiver, estoppel and/or unclean hands.

96. Borrower's claims are barred as a result of Borrower's breach of contract.

97. Borrower's claims are subject to Lender's rights of set off and recoupment for the damages and losses caused by Borrower.

98. Borrower's claims are barred and/or reduced by the express provisions of the Loan Documents.

WHEREFORE, Lender asks that judgment be entered in its favor and against Borrower on the Counterclaims and that Lender be awarded its costs, fees, and such other and further relief as the Court in its discretion may deem equitable and just.

Dated:  April 13, 2021 	/s/ Raymond A. Quaglia
Raymond A. Quaglia, PA ID No. 63146
Michael R. McDonald, PA ID No. 326873
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
(215) 665-8500
quaglia@ballardspahr.com
mcdonaldm@ballardspahr.com

*Counsel for Plaintiff*